### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br>V.<br><br>BLUE STAR TRANSPORTATION, INC., DANIJEL NIKOLIC, JEFIMIJA DOKIC, and RENT N'GO, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Crum & Forster Specialty Insurance Company ("CFSIC"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants BLUE STAR TRANSPORTATION, INC. ("Blue Star"), DANIJEL NIKOLIC ("Nikolic"), JEFIMIJA DOKIC ("Dokic"), and RENT N' GO, INC., ("Rent N' Go") states as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. In this action, CFSIC seeks a determination of its rights and obligations under an insurance policy it issued to named insured Blue Star in connection with a third-party complaint, which asserts certain claims against Blue Star and Nikolic.

### JURISDICTION AND VENUE

2. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b),

because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in this district.

5. Plaintiff CFSIC is a corporation organized and existing under the laws of the state of Delaware, with its main administrative offices located in Morristown, New Jersey. At all relevant times, CFSIC was authorized to conduct business in the State of Illinois.

6. Defendant Blue Star is an Illinois corporation with its principal place of business in Mt Prospect, Illinois.

7. Defendant Nikolic is an individual who is a resident of Bartlett, Illinois.

8. Defendant Dokic is an individual who is a resident of Burr Ridge, Illinois.

9. Defendant Rent N' Go is an Illinois corporation with its principal place of business in Cary, Illinois.

10. The Underlying Action (as defined herein) is pending in the Circuit Court of Cook County, Illinois, Municipal Department, Fifth District.

11. CFSIC issued an insurance policy to Defendant Blue Star as described more fully below.

12. Defendant Blue Star has sought coverage as an insured under said policy in connection with the claims asserted against it in the Underlying Action.

13. The scope of the coverage available to Blue Star and Nikolic is governed by the terms, conditions, and exclusions of the policy.

14. Plaintiff CFSIC does not assert any claim against Defendant Dokic in this Complaint and Defendant Dokic has been named as a defendant in this action solely as a necessary party.

15. Plaintiff CFSIC does not assert any claim against Defendant Rent N' Go in this Complaint and Defendant Rent N' Go has been named as a defendant in this action solely as a necessary party.

## THE UNDERLYING ACTION

16. On February 27, 2023, Nikolic filed a complaint (the "Complaint") in a lawsuit styled <u>Danijel Nikolic v. Jefimija Dokic</u> Case No. 2023 M5 001245, in the Circuit Court of Cook County, Illinois, Municipal Department, Fifth District (the "Underlying Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

17. In the Complaint, Nikolic asserts a cause of action for breach of contract against Dokic for her alleged failure to pay back money loaned from Nikolic. *See* Ex. A.

18. The Complaint alleges that Dokic acknowledged the amount due and owing to Nikolic, and agreed to pay back the same in a written instrument she prepared, but further alleges that Dokic has refused to pay the balance due under the written instrument. *See* Ex. A.

19. On August 9, 2023, Dokic filed an Answer to the Complaint, as well as a Counterclaim and Third-Party Complaint (the "Counterclaim and Third-Party Complaint") against Nikolic, Rent N' Go, Inc. and Blue Star in the Underlying Action. A true and correct copy of the Counterclaim and Third-Party Complaint is attached hereto as Exhibit B.

20. Count I of the Counterclaim and Third-Party Complaint is asserted solely against Nikolic and is entitled "For Assault and Battery". Ex. B, p. 3.

21. Count I alleges that, on August 24, 2022, Nikolic "deliberately and without provocation, willfully, intentionally, maliciously and wantonly punched, kicked and struck [Dokic], thereby causing serious and permanent injuries." Ex. B ¶¶ 1, 3.

22. Count I further alleges that Nikolic's actions were "deliberate, willful, intentional,

3

[and] malicious acts of assault and battery" and caused "un-permitted physical contact" with Dokic's person. Ex. B ¶ 4.

23. Count I further alleges that Dokic was "seriously and permanently injured" and that she "incur[red] medical expenses and lost wages" in an amount in excess of $50,000. Ex. B, p. 4.

24. Count II of the Counterclaim and Third-Party Complaint is asserted against Nikolic, Rent N' Go and Blue Star for alleged willful violation of the Illinois Minimum Wage Law (820 ILCS 105/1). Ex. B, pp. 4-6. Nikolic, Rent N' Go and Blue Star are referred to collectively as "Counter-Defendants" in the Counterclaim and Third-Party Complaint.

25. Count II alleges that Dokic worked for Rent N' Go and Blue Star from December 2021 through August 2022, and that Nikolic was the owner, manager and registered agent of Rent N' Go and Blue Star. Ex. B ¶¶ 7-8.

26. Count II further alleges that Dokic worked approximately 10 hours per week for Counter-Defendants, that Counter-Defendants were her employer, and that she was their employee as defined under the following: (1) the Minimum Wage Law; (2) the Cook County Ordinance (Cook County, Ill. Municipal Code 42/12); and (3) the Wage Act (820 ILCS 115/2). Count II further alleges a cause of action based upon the failure to pay Dokic the minimum wage rate under the Minimum Wage Law and failing to pay Dokic for all the hours she worked, resulting in Dokic's receipt of less than a minimum wage. Ex. B ¶¶ 9-12; 14-17, 19.

27. Count II of the Counterclaim and Third-Party Complaint seeks relief stemming from the violation of the Minimum Wage Law, in the form of unpaid minimum wages, and interest at 5% per month and treble damages for violations occurring after January 1, 2020. Ex. B, p. 6.

28. Count III of the Counterclaim and Third-Party Complaint is asserted against Counter-Defendants for alleged willful violation of the Cook County Ordinance. Ex. B, pp. 6-7.

Count III alleges that Counter-Defendants violated the Cook County Ordinance, requiring covered employers to pay employees the minimum wage set by the IMWL, FLSA or $13.00 per hour (Cook County, Ill. Municipal Code, 42-13(d)), resulting in Dokic receiving less than previously agreed upon and less than a minimum wage. Ex. B ¶¶ 21-24.

29. The Counterclaim and Third-Party Complaint asserts that Dokic suffered loss of compensation by earning less than minimum wage, and seeks unpaid minimum wages, and treble damages for unpaid minimum wages under the Cook County Ordinance. Ex. B, p. 7.

30. Count IV of the Counterclaim and Third-Party Complaint is asserted against the Counter-Defendants for alleged willful violation of the Wage Act for unpaid compensation. Ex. B, pp.8-9. Count IV alleges that Counter-Defendants violated the Wage Act in failing to pay Dokic her earned wages for hours worked for Counter-Defendants. Ex. B ¶ 28.

31. Count IV further alleges that the Wage Act (820 ILCS 115/2) requires employers to pay their employees according to their employment contract or agreement and to pay all earned wages or final compensation and further alleges that the Wage Act recognizes more informal agreements, such as oral agreements or past practices (56 Ill Adm. Code 300.450(b)). Ex. B ¶¶ 29-30.

32. Count IV further alleges that Counter-Defendants promised to pay Dokic for each hour she worked at the end of each week for the previous week's work and that Counter-Defendants refused to pay Dokic earned wages, breaching their agreement with her, and denied her final compensation owed. Ex. B ¶¶ 31-34.

33. Count IV of the Counterclaim and Third-Party Complaint claims Dokic suffered damages in the form of lost compensation, and seeks damages under the Illinois Minimum Wage Law (recited in Count II). Ex. B, p. 9.

## **THE POLICY**

34. CFSIC issued Policy No. BAK-58689-3, effective February 1, 2022 to February 1, 2023 (the "Policy"), to Named Insured, Blue Star Transportation Inc.. The Policy provides Commercial General Liability insurance subject to a $1,000,000 Each Occurrence Limit, and a $2,000,000 General Aggregate Limit. A true and correct copy of the Policy is attached hereto as Exhibit C (CFSIC000001-52).

35. The Commercial General Liability Coverage Part of the Policy states, in pertinent part, that the terms "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under the Policy. Ex. C CFSIC000011.

36. Coverage A of the Commercial General Liability Part of the Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

*** 

    b.   This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; . . .

***

**2. Exclusions**

This insurance does not apply to:

    **a.**   **Expected or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Ex. C CFSIC000011-12.

37.    Pursuant to endorsement, the Policy was modified to contain the Exclusion – Worker Injury (the "Worker Injury Exclusion") which provides as follows:

**EXCLUSION -WORKER INJURY**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.**    **SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended as follows:

**1.**    Exclusion **e. Employers Liability** is deleted in its entirety.

**2.**    The following additional exclusion applies: This insurance does not apply to:

    **a.**    "Bodily injury" to any "employee" or "temporary worker" of any insured arising out of or in the course of:

      **(1)** Employment by any insured; or

      **(2)** Performing duties related to the conduct of any insured's business; or

**b.** "Bodily injury" to a fellow "employee" or "temporary worker" of any insured arising out of and in the course of such employment when the insured is an "executive officer" of such employer; or

**c.** "Bodily injury" to:

      **(1)** Any contractor, subcontractor, independent contractor, or any other person; or

      **(2)** Any "employee", "temporary worker" or "volunteer worker", or any day laborer, or other person hired, engaged or retained in return for compensation or remuneration of any kind, working for, such contractor, subcontractor, independent contractor or any other person, arising out of or in the course of performing work or rendering services of any kind or nature whatsoever:

          a) For or on behalf of any insured; or

          b) For which the insured may become liable in any capacity; or

**d.** Any obligation to contribute to, share damages with, repay or indemnify someone else who must pay damages because of such "bodily injury"; or

**e.** "Bodily injury" sustained by the spouse, registered domestic partner, child, parent, brother, sister or other family member of:

      **(1)** Any "employee" or "temporary worker" of any insured;

      **(2)** Any contractor, subcontractor, independent contractor or any other person working for or on behalf of any insured; or

      **(3)** Any "employee" or "temporary worker" of any such contractor, subcontractor, independent contractor, or other person as a consequence of any "bodily injury" as set forth in paragraphs **a., b. or c.** of this endorsement

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to all claims and "suits" by any person or organization for

damages because of such "bodily injury," including damages for care and loss of services and any claim under which any insured may be held liable under any Workers Compensation law.

**B.** **SECTION V - DEFINITIONS, 19.** "Temporary Worker" is deleted and replaced with the following:

**"Temporary worker" means any person who is:**

**a.** Furnished to you to substitute for a permanent "employee";

**b.** A short-term worker; or

**c.** Not an "employee" or "volunteer worker".

As used herein, the definition of "employee" includes a "leased worker," "temporary worker," and "volunteer worker".

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

***

Ex. C CFSIC000047.

38. Section II of the Policy – **WHO IS AN INSURED** contains the following, in pertinent part:

**1.** If you are designated in the Declarations as:

***

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

***

Ex. C CFSIC000019.

39. **SECTION V – DEFINITIONS** of the Policy contains the following relevant definitions:

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

\*\*\*

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it; . . .

\*\*\*

Ex. C  CFSIC000023-25.

**THIS DISPUTE**

40. CFSIC received notice that coverage is sought by Blue Star under the Policy in connection with the claims asserted against it in the Underlying Action.

41. CFSIC has determined through its coverage investigation that it owes no obligation to defend or indemnify Blue Star or Nikolic in connection with the claims asserted against it in the Counterclaim and Third-Party Complaint filed in the Underlying Action.

42. CFSIC has advised Blue Star and Nikolic in writing that it disclaims any obligation under the Policy to provide a defense or indemnify them in connection with the claims asserted against them in the Underlying Action.

43. CFSIC now brings this action to obtain a judicial declaration that the Policy provides no defense or indemnity obligations to Blue Star or Nikolic in connection with the claims asserted against them in the Underlying Action.

**COUNT I**

**No Duty to Defend or Indemnify Nikolic**
**(Claims Asserted in Count I of Counterclaim and Third-Party**
**Complaint Do Not Meet Requirements of the Insuring Agreement of**
**Coverage A of the Policy)**

44. CFSIC incorporates by reference herein paragraphs 1 through 43, as if the same were fully set forth at length.

45. The insuring agreement of Coverage A – Bodily Injury and Property Damage Liability of the Commercial General Liability Part of the Policy provides, in pertinent part, that "[CFSIC] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." Ex. C CFSIC000011.

11

46. The Insuring Agreement of Coverage A further provides, in pertinent part, that "this insurance applies to 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory' and "[t]he "bodily injury" or "property damage" occurs during the policy period. . . " Ex. C CFSIC000011.

47. The Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Policy defines "property damage" to mean "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured." Ex. C CFSIC000023, CFSIC000025.

48. The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. C CFSIC000024.

49. Count I – For Assault and Battery of the Counterclaim and Third-Party Complaint alleges that Nikolic "punched, kicked, and struck . . . causing [Dokic] serious and permanent injury". Count I further alleges that Nikolic's conduct was deliberate, intentional, and malicious and performed "without provocation". Ex. B at pp. 3-4.

50. The insuring agreement of Coverage A of the Commercial General Liability Part of the Policy requires that the "bodily injury" for which liability is imposed against an insured must be caused by an "occurrence", which is defined as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. C CFSIC000011, CFSIC000024.

51. Although Count I seeks to impose liability against Nikolic for damages because of "bodily injury", Count I specifically alleges that Nikolic's acts of punching, kicking and striking

Dokic were "deliberate, intentional, and malicious", rather than "accident[al]" conduct. Ex. B ¶¶ 3-4.

52. Accordingly, the Policy affords no coverage in connection with the claims asserted against Nikolic in Count I of the Counterclaim and Third-Party Complaint because such claims do not satisfy the requirements of the insuring agreement of Coverage A – Bodily Injury and Property Damage Liability of the Commercial General Liability Part of the Policy.

WHEREFORE, CFSIC seeks a judgment that it owes no duty to defend or indemnify Nikolic in connection with the claims asserted against him in Count I of the Counterclaim and Third-Party Complaint filed in the Underlying Action because such claims do not meet the requirements of the Insuring Agreement for Coverage A of the Policy.

## COUNT II

### No Duty to Defend or Indemnify Blue Star or Nikolic
### (Claims Asserted in Counts II-IV of the Counterclaim and Third-Party Complaint Do Not Meet the Requirements of the Insuring Agreement of Coverage A of the Policy)

53. CFSIC incorporates by reference herein paragraphs 1 through 52, as if the same were fully set forth at length.

54. Counts II-IV of the Counterclaim and Third-Party Complaint are asserted against, *inter alia*, Nikolic and Blue Star. Ex. B, pp. 4-9.

55. Specifically, Count II asserts claims against Nikolic and Blue Star for alleged willful violations of the Illinois Minimum Wage Law, Count III asserts claims against Nikolic and Blue Star for alleged willful violation of the Cook County Ordinance; and Count IV asserts claims against Nikolic and Blue Star for alleged willful violations of the Wage Act for unpaid compensation. Ex. B, pp. 4-9.

13

56. Counts II-IV assert that, as a result of such violations, Nikolic and Blue Star failed to pay Dokic for all the hours she worked, resulting in Dokic's receipt of less than minimum wage and less wages than previously agreed upon, and Dokic suffered damages in the form of lost compensation. Ex. B, pp. 4-9.

57. The insuring agreement of Coverage A of the Commercial General Liability Part of the Policy provides, in pertinent part, that "[CFSIC] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. Ex. C CFSIC000011.

58. The Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Ex. C CFSIC000023.

59. The Policy defines "property damage" to mean "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured." Ex. C CFSIC000025.

60. Counts II-IV of the Counterclaim and Third-Party Complaint seek recovery of economic damages, in the form of unpaid compensation and/or under paid or lost wages, allegedly suffered by Dokic as a result of the violations by Nikolic and Blue Star of certain employment laws or statutes. Ex. B, pp. 4-9.

61. Accordingly, the claims asserted in Counts II-IV of the Counterclaim and Third-Party Complaint do not seek to impose liability against Nikolic and Blue Star for "bodily injury" or "property damage" as those terms are defined in the Policy.

62. The Policy affords no coverage in connection with the claims asserted Blue Star or Nikolic in Counts II-IV of the Counterclaim and Third-Party Complaint because such claims do

not satisfy the requirements of the insuring agreement of Coverage A – Bodily Injury and Property Damage Liability of the Commercial General Liability Part of the Policy.

WHEREFORE, CFSIC seeks a judgment that it owes no duty to defend or indemnify Blue Star or Nikolic in connection with the claims asserted against them in Counts II-IV of the Counterclaim and Third-Party Complaint filed in the Underlying Action because such claims do not meet the requirements of the Insuring Agreement for Coverage A of the Policy.

## PRAYER FOR RELIEF

Plaintiff Crum & Forster Specialty Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants Blue Star Transportation, Inc., Danijel Nikolic, Jefimija Dokic, and Rent N' Go, Inc. declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to Defendant Blue Star Transportation, Inc. or Danijel Nikolic for the claims asserted against them in the Underlying Action;

c. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to defend or reimburse defense costs incurred by Defendant Blue Star Transportation, Inc. or Danijel Nikolic in connection with the claims asserted against them in the Underlying Action;

d. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to indemnify Defendant Blue Star Transportation, Inc. or Danijel Nikolic in connection with the claims asserted against them in the Underlying Action;

e. Crum & Forster Specialty Insurance Company is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Respectfully Submitted,

CRUM & FORSTER SPECIALTY INSURANCE COMPANY

Dated: September 18, 2023

By: s/*James J. Hickey*
James J. Hickey
One of the Attorneys for Plaintiff
Crum & Forster Specialty Insurance Company

James J. Hickey (Illinois Bar No. 6198334)
James.Hickey@kennedyslaw.com
Heidi Kuffel (Illinois Bar No. 6313935)
Heidi.Kuffel@kennedyslaw.com
KENNEDYS CMK
30 South Wacker Drive, Suite 3650
Chicago, IL 60606
Phone: (312) 800-5000
Fax: (312) 207-2110